UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LONG,

   *Plaintiff,*     CASE NO. 2:14-CV-13269

            DISTRICT JUDGE ARTHUR J. TARNOW
v.          MAGISTRATE JUDGE PATRICIA T. MORRIS

FINCH,

   *Defendants.*

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### I. Recommendation

Plaintiff Michael Long has moved for a default judgment after failing to receive an answer to his complaint. (Docs. 6, 8.) Procedural missteps have muddied the waters in this case and provide ample reasons for rejecting Plaintiff's motion. Perhaps sensing the case's peculiarities, Plaintiff has prudently requested alternative relief, asking for thirty days to file his amended complaint. I recommend DENYING Plaintiff's motion, but giving him thirty days to file his amended complaint. He should then serve all Defendants with the complaint pursuant to Federal Rule of Civil Procedure 4. All government officials must be served under Rule 4(i).

### II. Introduction

Plaintiff is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. (Doc. 1); Federal Bureau of Prisons, *Find an Inmate*, http://www.bop.gov/inmateloc/ (last visited Feb. 25, 2015) (enter name in search).

On August 22, 2014, he filed a civil rights case, *pro se*, alleging that his work supervisors harassed him after an incident in November 2013. (Doc. 1.) The events involved Plaintiff's job at the Federal Prison Industries factory at the prison. (*Id.*) On November 21, 2013, he was operating a forklift when the bands on his load snapped and the steel he was carrying dropped. (*Id.*) He left the forklift to check on colleagues nearby and to pick up the debris. He contends that the proper safety standards were ignored in the factory, causing the accident.

Seeing that he left the forklift running, his supervisor, Defendant Frank Finch, "shout[ed] obscenities" at him and stated he would discipline Plaintiff and temporarily reduce his pay. (*Id.*) Humiliated, Plaintiff later went to his immediate supervisor, Mr. Gilsdorf, and quit his job. While walking out, he passed Mr. Finch, who "got up from his desk and began to verbally assault me again," Plaintiff explains. (*Id.*) Mr. Finch now threatened to file an incident report and send him to a Special Housing Unit. (*Id.*)

Before any response to his complaint came in, Plaintiff requested permission to amend. (Doc. 4.) He did not attach a copy of the proposed complaint, as required by Local Rule 15.1. Instead, his motion explained the changes he wished to make: He sought to add Defendants, Larry Huddleston and Cody Maynard, two factory managers; and include Defendant Finch's full name to the caption. (*Id.*) On October 21, 2014, Judge Arthur J. Tarnow granted the motion, but also *sua sponte* dismissed claims against four Defendants: United States of America, Federal Bureau of Prisons, prison warden J.A. Terris, and A.W. Programs. (Doc. 5 at 5-6.) This left

2

Defendant Finch as the only remaining Defendant from the first complaint. Plaintiff never filed his amended complaint with the Court. He now asserts that he mailed the initial complaint to Mr. Finch and the new Defendants on November 10, 2014. (Doc. 11 at 1, Exs. A.) The court docket does not indicate the Defendants were served.

Receiving no answer, Defendant moved for default judgment. (Doc. 6.) After Defendants responded to the motion, Plaintiff filed an amended motion that simply changed a date to show he sent the Defendants the complaint on November 10, not on September 29 as his first motion asserted. (Docs. 6, 8.) Defendants have raised the same arguments against both motions and Plaintiff has responded. (Docs. 9, 11.)

III. <u>Analysis</u>

a. *Defendant's Argument*

Defendants[1] provide three reasons why the Court should not enter default judgment. (Doc. 7.) First, Plaintiff's failure to file his amended complaint caused confusion regarding whether Huddleston and Maynard were joined parties and what Plaintiff was alleging against all Defendants. (*Id.* at 7-10.) Second, all three—Finch, Huddleston, and Maynard—are federal employees, working for Federal Prison Industries, also known by its trade name, UNICOR. (*Id.* at 3-4.) *See also* 28 C.F.R. §345.11(a). To serve them, therefore, Plaintiff had to comply with Federal Rule of Civil Procedure 4(i), sending copies to the individual Defendants as well as the Attorney General. He did not. Consequently, Defendants argues that default

---

[1] I refer to Defendants in the plural—despite the ambiguity over who has actually been made a party—because Defendant Finch's counsel represents all of the potential parties. (Doc. 7 at 7 & n.3.)

judgment cannot enter against them. (*Id.* at 10-11.) Finally, the Prison Litigation Reform Act, 42 U.S.C. § 1997e, precludes courts from granting prisoners relief unless the defendants have filed a response to the complaint. Defendant reasons that since the Court has not ordered Defendants to respond, it cannot grant Plaintiff default judgment. (*Id.* at 11.)

### b. Analysis

I suggest that Plaintiff is not entitled to default judgment. The Sixth Circuit does not favor default, calling it "a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to" set aside any default judgments. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)). Default can occur when the defendant fails to appear in a case, or having appeared, fails to answer the complaint or otherwise defend against it. Fed. R. Civ. P. 55(a); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (3d ed. 1998). The procedures for entering a default judgment are formalized in the Federal Rules, having taken shape from historical *pro confesso* decrees in equity and *nil dicit* judgments at law. *See* 10A Wright & Miller, *supra* § 2681; *see also* Robert Wyness Millar, *Civil Procedure of the Trial Court in Historical Perspective* 367 (1952) (discussing the history of default judgments and noting, "A decree *pro confesso* for want of an answer after due service of process was thus the general rule of the American chancery practice").

4

On the rare occasions when it is appropriate, certain procedures must be followed. Under Federal Rule of Civil Procedure 55(b), the court can enter default judgment only if the clerk has first entered a default as provided in Rule 55(a). *See Richard v. Bouchard*, No. 12-12516, 2013 WL 4417440, at *2 (E.D. Mich. Aug. 15, 2013) (adopting Report & Recommendation); *Lentz v. Loxton*, No. 12-12037, 2013 WL 22954, at *2 (E.D. Mich. May 24, 2013) (adopting Report & Recommendation); *Friske v. Scutt*, No. 07-CV-13747, at *1 (E.D. Mich. July 10, 2008) (adopting Report & Recommendation); *see also* 10A Wright & Miller, *supra* § 2682. The default entry is distinct from the subsequent default judgment. Fed. R. Civ. P. 55. For the clerk to enter default, the requesting party must provide an affidavit with specific information. Fed. R. Civ. P. 55(a); E.D. Mich. LR 55.1. No default was entered in the present docket. This oversight provides the first grounds for rejecting Plaintiff's motion.

Additionally, the status of the parties and the complaint's content is unclear, rendering default judgment inappropriate. Plaintiff's failure to file his amended complaint has created difficulty at two levels. First, the specific allegations will remain somewhat ambiguous until the amended complaint is properly filed. This has prevented Finch—the only definite Defendant at this point—from responding. In his motion to amend, Plaintiff sought to add Huddleston and Maynard as parties, and include Finch's full name. (Doc. 4 at Pg ID 25.) No other proposed changes appear in the motion. However, in response to Defendant's current arguments, Plaintiff has provided a copy of his new complaint. (Doc. 11, Ex. B, Pg ID 99-105.) It includes the

changes described in his motion to amend, but also adds a paragraph detailing Huddleston's and Maynard's role in the incident. (*Id.* at Pg ID 105.) The record does not clearly demonstrate which copy the Defendants received. Plaintiff's motion for default says he served them with the "complaint in this matter," but his response indicates he sent them the "initial complaint." (Doc. 8 at Pg ID 85; Doc. 11 at Pg ID 92.)

Considering the possibility that Finch has not yet seen the new pleading, the vagueness surrounding its contents is significant enough to have stymied any response Finch could have made. A reasonable person in Finch's position could remain uncertain about how to proceed. Moreover, Plaintiff has not claimed the delay has prejudiced him. *Cf. Enyart v. Karnes*, No. 2:09-CV-687, 2010 WL 4683993 (S.D. Ohio Nov. 10, 2010), (declining to default parties where record was unclear and there was no evidence of prejudice to the plaintiff), *Report & Recommendation adopted by* 2010 WL 5067844 (S.D. Ohio Dec. 6, 2010). I therefore suggest that his lack of action was understandable and does not merit default against him.

The vagueness is also important because it has blurred the identities of the proper Defendants: have Huddleston and Maynard actually been joined as Defendants? If not, then they cannot be defaulted since Rule 55 allows default only against parties. *See Saunders v. Bank of America*, No. 12 Civ. 9201, 2014 WL 1667001, at *1 (S.D. N.Y. Apr. 25, 2014) ("[Rule] 55 precludes entry of default judgment against non-parties."); *Lien Tang v. California Reconveyance Co.*, No. 10-CV-03333, 2011 WL 1878315, at *2 (N.D. Cal. May 17, 2011) (noting Rule 55 and setting aside a de-

6

fault against a non-party); *Barrow Music Gp. v. Avista Records*, No. 1:10-cv-36, 2010 WL 603845, at * (S.D. Ohio Dec. 17, 2010) (same), *Report & Recommendation adopted by* 2011 WL 886168, at *1 (S.D. Ohio Mar. 10, 2011).

Even if they are parties, however, default would be improper in these circumstances. A similar situation arose in *Enyart v. Karnes*, 2010 WL 4683993. There, Plaintiff filed a series of motions to amend, which were granted, without ever filing the new complaints. *Id.* at *1. Like the amendments here, the plaintiff there sought to clarify party identities and add defendants. The court first addressed disputes concerning whether the new defendant had been properly joined. *Id.* at *2. In light of Plaintiff's stated intent in his motion to add them as parties, and the liberal *pro se* pleading standards, the court found that they were. Nonetheless, the court denied the plaintiff's request for default, noting that the parties' status had been ambiguous and the delay was not prejudicial. *Id.* at *4.

Regardless of whether Huddleston and Maynard are parties, I suggest that default judgment against them is unwarranted. The reasoning in *Enyart* is persuasive and reflects the well-grounded hesitancy courts should have when faced with motions for default. *See United Coin Meter Co.*, 705 F.2d at 845. Neither Huddleston nor Maynard are listed as parties on the docket and it is unclear either has received the new complaint containing the allegations against them. Thus, even if they are now parties, they should have the opportunity to respond after being properly served.

7

Alternatively, default judgment should not enter because Plaintiff failed to effect appropriate service of process. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). Accordingly, courts reject motions for default judgment where the defendants were not served. *See Richard*, 2013 WL 4417440, at *2; *Almon v. Caplan*, No. 2:07-10219, 2008 WL 3010619, at *2-3 (E.D. Mich. Aug. 4, 2008); *see also* 10A Wright & Miller, *supra* § 2682. This rule applies even when those defendants had actual notice of the complaint. *See Searcy v. Macomb Cnty. Jail*, No. 2:10-CV-11242, 2001 WL 7665794, at *2 (E.D. Mich. Sept. 21, 2011), *Report & Recommendation adopted by* 2012 WL 1230271, at *1 (E.D. Mich. Apr. 12, 2012); *Smith v. Ketchem*, No. Civ.A. 1:01CV176, 2002 WL 32096623, at *4 (N.D. W.V. Mar. 20, 2002).

The required form of service differs for different classes of defendants. Fed. R. Civ. P. 4. The relevant group here is federal employees. Finch, Huddleston, and Maynard work for UNICOR (Doc. 7 at 3-4; Doc. 11, Ex. B at Pg ID 98-99), a corporation created and wholly-owned by the government. *See* 18 U.S.C. § 4121 (establishing "Federal Prison Industries" as a "government corporation"). It operates "organizationally within the Bureau of Prisons . . . ." 28 C.F.R. §345.11(a); *see also* (Doc. 7 at 3-4, 10.) Courts have thus treated UNICOR employees as federal workers, see *Barber v. Grow*, 929 F. Supp. 820, 822, 824 (E.D. Penn. 1996) (characterizing a UNICOR supervisor as a federal employee), and suggested that Federal Rule of Civ-

il Procedure 4(i) applies to them. *See Williams v. Watts*, No. 5:08cv68, 2009 WL 499775, at *1, 5, 10-12 (E.D. Tex. Feb. 27, 2009) (adopting Report & Recommendation).

Federal employees must be served under Rule 4(i). For officers or employees sued in an individual capacity—whether or not the individual is also sued in his official capacity—for acts or omissions that occurred during work, the party must serve the United States and the individual. Fed. R. Civ. P. 4(i)(3). Serving the United States, for present purposes, requires service on the United States Attorney for the local district and the United States Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1). The individual employee can be served in various ways, but the applicable method here was following Michigan's procedures. Fed. R. Civ. P. 4(e)(1). Michigan allows sending the complaint by certified mail, which Plaintiff chose here. Mich. Ct. R. 2.105(A). Delivery must be restricted to the addressee and service is not complete until "the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service . . . ." *Id.* Individuals unrelated to the government can also be served under this procedure. Fed. R. Civ. P. 4(e); *see also Richard*, 2013 WL 4417440, at *2 (discussing Michigan's service of process rules).

Plaintiff failed properly to serve process here, whether the Defendants are government employees or not. He attempts to sue all Defendant in their individual and official capacities. (Doc. 11, Ex. B.) Yet nothing indicates he sent the complaint to the Attorney General. Defendants attach an affidavit from a legal technician in

9

the Department of Justice attesting that the Department never received the summons or the complaint. (Doc. 7, Ex. 1.) And as noted above, Plaintiff did not offer proof of service on the individual parties until his response to the Defendants' brief. (Doc. 11, Ex. A.) He provides two signed certified mail receipts for each Defendant; one from November 2014, when he sent the "initial complaint," and one from January 2015, when he sent his motion for default judgment. (*Id.*) They are signed by the wrong people. Michigan requires that the receipts display the defendants' signatures; the slips here do not appear to contain the signature of any Defendant. Additionally, Plaintiff fails to assert that he sent them the amended complaint. Consequently, Defendants never received proper service under Rules 4(e) and 4(i) and default judgment cannot enter against them. *See Richard*, 2013 WL 4417440, at *2.

Finally, the Prison Litigation Reform Act erects a third barrier to Plaintiff's motion: "No relief shall be granted to the plaintiff [in actions brought by a prisoner] unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). This has teeth here because "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court . . . ." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). Where the court has not yet ordered a response, and no response has been filed, the Plaintiff cannot obtain a default judgment. *See Friske*, 2008 WL 2705505, at *1 ("'[Section] 1997e(g) bars plaintiff from obtaining an of default . . . because defendants have no obligation to reply to the complaint until ordered by the court.'" (quoting *Stevenson v. M.D.O.C.*, No. 1:07-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. Apr. 23, 2007); *see also Lentz*, 2013 WL 2295456, at *2

(same). Here, the Court has not ordered a response and Defendants have not provided one. Thus, default judgment is improper.

## IV. Conclusion

The confusion in the present case is understandable. Plaintiff, trying to navigate the procedural requirements, perhaps thought his amended complaint did not need filing, and that sending the first version to Defendants sufficed. Defendants acted reasonably in response. The content of the new allegations is unclear, the new Defendants were not properly joined, no Defendant received appropriate service, and the Prison Litigation Reform Act bars default judgment. Given the abundance of grounds for rejecting the motion, I do not need to analyze yet another possible reason: Federal Rule of Civil Procedure 55(d). That Rule allows default against the United States or its officers "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." *Id.*

I therefore recommend DENYING Plaintiff's motion (Docs 6, 8). He has requested thirty-days to file his amended complaint. (Doc. 11 at Pg ID 93.) I suggest granting him this period of time to file the new pleading, after which he should serve Defendants under Federal Rule of Procedure 4.

## V. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being

served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 27, 2015                    /S PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge