UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LONG,

    *Plaintiff*,

v.                                      CASE NO. 2:14-CV-13269-AJT-PTM

FINCH, *UNICOR Welding Foreman*,   DISTRICT JUDGE ARTHUR J. TARNOW
LARRY HUDDLESTON, *UNICOR*     MAGISTRATE JUDGE PATRICIA T. MORRIS
*Factory Supervisor*, and CODY
MAYNARD, *General UNICOR Factory
Manager*,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (Doc. 15)

### I.    RECOMMENDATION

For the reasons stated below, I recommend that Defendant's motion to dismiss (Doc. 15) be **GRANTED.**

### II.    REPORT

#### A.    Introduction

This case was referred to the undersigned magistrate judge, *see* 28 U.S.C. § 636(b)(1)(B); E.D. Mich. LR 72.1(b)(3), for resolution of all pretrial matters, on February 4, 2015. (Doc. 10.) Plaintiff is a *pro se* prisoner currently incarcerated at Milan Federal Correctional Institution ("FCI") in Milan, Michigan.

Plaintiff's amended complaint alleges that he was working in the UNICOR factory located inside the Milan prison. On November 21, 2013, a co-worker shouted a warning that a load of steel had fallen so Plaintiff "[f]earing that someone may have been injured by the falling steel . . . stopped the forklift, exited the vehicle and checked to make sure that no one was injured." (Doc. 14 at ID 127.) Plaintiff then "began to pick up the pieces of steel that had fallen" and his supervisor, Defendant Finch, "upon seeing that [Plaintiff] had exited the forklift while the key was still in the ignition and the shift lever was in reverse, began shouting obscenities at [Plaintiff] and verbally assaulting [Plaintiff] over the incident." (*Id.*) Defendant Finch then "ended by saying that he would be disciplining [Plaintiff] for the incident by reducing [his] pay grade for the next 90 days." (*Id.*)

Plaintiff states, "between my humiliation over the treatment from Mr. Finch in front of my co-workers and my fear and anxiety over a possible future accident which could cause injury to a co-worker, I went to speak with my immediate supervisor, Mr. Gilsdorf, [and] informed him that I wanted to quit my position with UNICOR." (*Id.*) Although Mr. Gilsdorf advised Plaintiff to "take some time to reconsider," Plaintiff "insisted that [his] decision was final." (*Id.*)

Plaintiff was then "escorted" out of the UNICOR facility, and as he "walked past Mr. Finch's desk" and was "informed" that Plaintiff had "quit [his] job with UNICOR, . . . . Mr. Finch got up from his desk and began to verbally assault [Plaintiff] again, this time saying that he would file an incident report against me and have me in the Special Housing Unit by the end of the day." (Doc. 14 at ID 127-28.) Plaintiff contends that "[a]s Mr. Finch had already informed me that I was receiving the pay grade reduction as a

disciplinary action for the incident, this additional disciplinary action was clearly done in retaliation for my decision to quit my UNICOR job." (Doc. 14 at 128.)

Plaintiff contends that "Defendants Maynard as Huddleston, both of whom are Defendant Finch's supervisors, are liable for the misconduct committed by Defendant Finch" because "both Defendants Maynard and Huddleston are required to 'sign off' on any action taken by Defendant Finch[.]" (*Id*.) Plaintiff seeks "an amount in excess of $50,000.00 representing the Defendant's [Plaintiff's] compensatory damages sustained in the instant matter." (Doc. 14 at ID 129.)

The remaining Defendants, i.e., Finch, Huddleston, and Maynard, filed the instant motion to dismiss on May 7, 2015. (Doc. 15.) Plaintiff responded (Doc. 20), and Defendants replied. (Doc. 21.)

Accordingly, the motion is ready for report and recommendation without oral argument under Local Rule 7.1.

B.  **Motion to Dismiss Standards**

When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A*., 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570 (rejecting the traditional

3

Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert motion to dismiss into motion for summary judgment).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a

similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

      **C.     Analysis and Conclusions**

As noted by Defendants, Plaintiff does not specify which of his civil rights were violated under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The court agrees that, viewing the complaint most liberally, it appears that Plaintiff asserts a claim under the Eighth Amendment's prohibition against cruel and unusual punishment regarding Defendant Finch allegedly shouting obscenities and threatening disciplinary action, and under the First Amendment for retaliation regarding Defendant Finch's threat to place Defendant in the Special Housing Unit after hearing that Plaintiff wanted to quit his job with UNICOR.

Defendants Huddleston and Maynard contend that they cannot be vicariously liable for the actions of Defendant Finch so the case against them should be dismissed. (Doc. 15 at ID 140-42.) All Defendants argue that they are entitled to qualified immunity. (Doc. 15 at ID 142-47.) In addition, Defendants argue that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, bars Plaintiff's claim for monetary damages and since Plaintiff seeks no other relief, his claims should be dismissed. (Doc. 15 at ID 147-49.)

Plaintiff responds that "these Defendants election to review a disciplinary incident and then come to a wholly independent determination of whether an incident report or

disciplinary action should follow satisfies the Ashcroft and King standards for supervisory liability for the constitutionally violative conduct of a subordinate." (Doc. 20 at ID 171-72.) Plaintiff reiterates that Defendants Huddleston and Maynard took affirmative action when they "'signed off' on Defendant Finch's recommendation of discipline for the Plaintiff, which recommendation and subsequent ratification all together violated the Plaintiff's civil rights." (Doc. 20 at ID 172.) Plaintiff also argues that Defendants are not entitled to qualified immunity because his constitutional rights were violated. (Doc. 20 at ID 172-77.)

Defendants reply that Plaintiff is improperly attempting to "'raise additional facts" in his responsive brief, i.e., that Defendants Huddleston and Maynard reviewed Defendant Finch's actions, and even if these new arguments are considered, this is insufficient to render Defendants Huddleston and Maynard liable for Defendant Finch's actions. (Doc. 21 at ID 182-83.) Defendants also contend that no constitutional violation occurred and thus, they are entitled to qualified immunity. (Doc. 21 at ID 183-86.) Defendants restate their argument that Plaintiff's Eighth Amendment claim cannot advance because Plaintiff did not allege any physical injury. (Doc. 21 at ID 186-87.)

As to Plaintiff's Eighth Amendment claim based on Defendant Finch yelling obscenities at him, 42 U.S.C. § 1997e(e) precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has therefore held that Eighth Amendment claims for monetary relief based on mental or emotional injury are not viable absent a showing of physical injury. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008); *Merchant v. Hawk-Sawyer*, No.

6

01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001). Since Plaintiff has not alleged any physical injury, his Eighth Amendment claim should be dismissed.

As to Plaintiff's retaliation claim, to state a claim for retaliation under the First Amendment, a plaintiff must allege that (1) he engaged in protected conduct, (2) an adverse action was taken against him, and (3) there is a casual connection between the first two elements, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The adverse action must be one that would deter a person of ordinary firmness from the exercise of the right at stake, which here is the filing of grievances against prison officials. *Id*. at 396. Generally, a prison official's decision to transfer a prisoner from the general population of one prison to another is not considered adverse. *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (collecting cases). Moreover, certain threats or deprivations are so *de minimis* that that do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398. For example, mere verbal harassment, such as yelling obscenities, does not amount to evidence of adverse action sufficient to establish a First Amendment retaliation claim. *Reeves v. Jensen*, 2007 WL 1464260, at *5, n. 5 (W.D. Mich. May 17, 2007).

Assuming, *arguendo*, that Plaintiff's desire to quit his job was protected conduct, I suggest that he cannot state a claim for retaliation under the remaining elements. Although placing an inmate in isolation for any length of time may constitute adverse action, *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010), Plaintiff's complaint does not

allege that he was ever placed in the special housing unit or any other form of isolation. Plaintiff alleges Defendant Finch threatened to place him in the special housing unit, but he does not allege that such potentially adverse action was ever actually taken. Plaintiff does not allege, expressly or impliedly, that he was placed in the special housing unit for any length of time whatsoever. Accordingly, Plaintiff's complaint fails to allege an essential element of his retaliation claim and must fail.

Plaintiff's complaint does not expressly state but does imply that an incident report was filed for his exiting the forklift while it was running. To the extent that Plaintiff relies on the incident report (or pay grade reduction) that addressed the fact that he exited the forklift while it was running as stating an adverse action, I suggest that he has not alleged sufficient retaliatory animus on the part of Defendant Finch since Plaintiff admits to the misconduct. Finally, to the extent Plaintiff relies on the continued verbal abuse by Defendant Finch as adverse action, that claim would also fall short. *Reeves, supra*.

Since Plaintiff's complaint fails to state a claim for a constitutional violation under either the Eighth Amendment or the First Amendment, the court need not address whether Defendants Huddleston and Maynard could be liable for any such alleged violation.

### 3. Conclusion

For all the reasons stated above, I recommend that Defendants' motion to dismiss (Doc. 15) be granted.

**III.   REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 24, 2015                                S/ Patricia T. Morris
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: July 24, 2015                                 By s/Kristen Krawczyk
                                                    Case Manager to Magistrate Judge Morris