UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LONG,

               Plaintiff,

v.

FRANK FINCH, ET AL.,

            Defendants.

_____/

Case No. 14-13269

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER ADOPTING REPORT AND RECOMMENDATION [22]; OVERRULING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION [23]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [15]**

Plaintiff, a federal prisoner proceeding pro se, has brought claims against federal corrections officers for retaliation in violation of the First Amendment and cruel and unusual punishment in violation of the Eighth Amendment. On July 24, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) [Dkt. #22], recommending that the Court grant Defendants' Motion to Dismiss [15]. Plaintiff filed an Objection [23] on August 3, 2015.[1]  Defendants filed a Response [24] to Plaintiff's Objection on August 14, 2015. On September 3, 2015, Plaintiff filed a Reply [25].

---

[1] Plaintiff styled his Objection as both a Motion for Leave to File Sur-Reply and a Sur-Reply in Opposition to Defendants' Motion to Dismiss. Defendants construed the filing as an Objection to the R&R. In his Reply, Plaintiff also referred to his Objection as an objection to the R&R.

For the reasons stated below, the Court **ADOPTS** the R&R [22].  Plaintiff's

Objection [23] is **OVERRULED**.    Defendants' Motion to Dismiss [15] is

**GRANTED**.

### FACTUAL BACKGROUND

The R&R summarized Plaintiff's factual allegations, which must be assumed

true on Defendants' Motion to Dismiss, as follows:

> Plaintiff's amended complaint alleges that he was working in the
> UNICOR factory located inside the Milan prison. On November 21,
> 2013, a co-worker shouted a warning that a load of steel had fallen so
> Plaintiff "[f]earing that someone may have been injured by the falling
> steel . . . stopped the forklift, exited the vehicle and checked to make
> sure that no one was injured." (Doc. 14 at ID 127.) Plaintiff then "began
> to pick up the pieces of steel that had fallen" and his supervisor,
> Defendant Finch, "upon seeing that [Plaintiff] had exited the forklift
> while the key was still in the ignition and the shift lever was in reverse,
> began shouting obscenities at [Plaintiff] and verbally assaulting
> [Plaintiff] over the incident." (*Id.*) Defendant Finch then "ended by
> saying that he would be disciplining [Plaintiff] for the incident by
> reducing [his] pay grade for the next 90 days." (*Id.*)
> Plaintiff states, "between my humiliation over the treatment from
> Mr. Finch in front of my co-workers and my fear and anxiety over a
> possible future accident which could cause injury to a co-worker, I went
> to speak with my immediate supervisor, Mr. Gilsdorf, [and] informed
> him that I wanted to quit my position with UNICOR." (*Id.*) Although
> Mr. Gilsdorf advised Plaintiff to "take some time to reconsider," Plaintiff
> "insisted that [his] decision was final." (*Id.*)
> Plaintiff was then "escorted" out of the UNICOR facility, and as
> he "walked past Mr. Finch's desk" and was "informed" that Plaintiff had
> "quit [his] job with UNICOR, . . . Mr. Finch got up from his desk and
> began to verbally assault [Plaintiff] again, this time saying that he would
> file an incident report against me and have me in the Special Housing
> Unit by the end of the day." (Doc. 14 at ID 127-28.) Plaintiff contends
> that "[a]s Mr. Finch had already informed me that I was receiving the

pay grade reduction as a disciplinary action for the incident, this additional disciplinary action was clearly done in retaliation for my decision to quit my UNICOR job." (Doc. 14 at 128.)

Plaintiff contends that "Defendants Maynard a[nd] Huddleston, both of whom are Defendant Finch's supervisors, are liable for the misconduct committed by Defendant Finch" because "both Defendants Maynard and Huddleston are required to 'sign off' on any action taken by Defendant Finch[.]" (*Id.*)

## ANALYSIS

The Court must make a de novo determination of the portions of the R&R to which Plaintiff has objected. 28 U.S.C. § 636(b)(1)(c). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)).

## I.    First Amendment Retaliation

Plaintiff has made no objection to the R&R's conclusion that his First Amendment retaliation claim should be dismissed. In fact, he has explicitly consented to dismissal of the claim. The Court adopts the R&R's conclusion that the First Amendment retaliation claim must be dismissed for failure to sufficiently plead an adverse action motivated by his protected conduct. The Court emphasizes that

Plaintiff has not alleged that Defendant Finch acted on his threat to place Plaintiff in isolation.

## II.   Cruel and Unusual Punishment

Liberally construed, Plaintiff's amended complaint raises an Eighth Amendment claim premised on the argument that Defendant Finch's yelling of obscenities and threats at Plaintiff constituted cruel and unusual punishment. Plaintiff objects to the R&R's conclusion that his Eighth Amendment claim should be dismissed for failure to allege physical injury.

Plaintiff's amended complaint includes no allegations of physical injury. Thus, the allegations in his complaint cannot sustain an Eighth Amendment claim for cruel and unusual punishment. *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (citing 42 U.S.C. § 1997e(e)).

Plaintiff now seeks to expand the allegations in his complaint. In his Objection, he alleges for the first time that when he suffered emotional distress from Defendant Finch's verbal harassment, he "contemporaneously suffered stomach and lower intestinal problems, headaches and cold sweats." He cites a district court case in which the plaintiff similarly alleged "stomach and lower intestinal problems, headaches, [and] cold sweats," along with rashes, nightmares, vomiting, and teeth grinding. *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 515 (S.D.W.V. 2009). The

*Gilmore* court found these allegations sufficient to state a claim meeting the physical injury requirement of 42 U.S.C. § 1997e(e). *Id.* at 514–15.

Generally, a plaintiff may amend his complaint only with the defendants' consent or with leave of the court. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "the party requesting leave to amend must act with due diligence if it wants to take advantage of Rule 15(a)(2)'s liberality." *Lessl v. CitiMortgage, Inc.*, 515 F. App'x 467, 470 (6th Cir. 2013) (quoting *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 306 (6th Cir. 2000)) (internal brackets omitted). "[A] court may deny leave on the basis of delay, bad faith, dilatory motive or futility." *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff did not act with due diligence in raising his request to amend his complaint, which in fact appears based on a dilatory motive or bad faith. Plaintiff did not mention his alleged stomach and lower intestinal problems, headaches, or cold sweats in his prison grievance, his original or amended complaint, or in his opposition to Defendants' motion to dismiss. This is true even though Defendants argued in their motion to dismiss that Plaintiff's claim could not proceed due to his failure to allege physical injury. Rather than respond with his current allegations of physical injury, Plaintiff argued that the physical injury requirement should be disregarded in part

because emotional distress like his own almost never manifests in physical injury. The latter argument, especially, suggests that Plaintiff did not experience the physical suffering he now seeks to describe in his complaint, which he has instead manufactured in a last-ditch effort to save the claim.[2]   The Court concludes that justice does not require granting Plaintiff leave to amend his complaint, particularly due to his failure to raise the new allegations before the Magistrate Judge.[3]

CONCLUSION

For the reasons stated above, the R&R [22] is **ADOPTED** and entered as the findings and conclusions of the Court.   Plaintiff's Objection [23] is **OVERRULED**. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [15] is **GRANTED**.

**SO ORDERED**.

                                      s/Arthur J. Tarnow
                                      Arthur J. Tarnow
Dated: December 11, 2015              Senior United States District Judge

---

[2] The Court acknowledges that it must "assume the veracity of [Plaintiff's] well-pleaded factual allegations." *McCormick*, 693 F.3d at 658.  However, Plaintiff did not plead his allegations of physical suffering.

[3] The Sixth Circuit "has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge." *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010).  The Sixth Circuit has touched on the issue, however, and "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Id.* (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).